**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| JACK JOSEPH GUIDROZ | CIVIL ACTION |
|---|---|
| VERSUS | NO. 12-2432 |
| SHERIFF CRAIG WEBRE, ET AL. | SECTION "C"(1) |

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Jack Joseph Guidroz, a state pretrial detainee, filed this *pro se* and *in forma pauperis* complaint against Sheriff Craig Webre, Lt. Brandon France, Lt. Brett Exnicious, Warden Cantrelle Davis, and Nurse Celeste Andras.

In the complaint, plaintiff alleges that he slipped in the jail shower. He was then taken to the hospital and diagnosed as having a pinched nerve in his back. He alleges that, after returning to the jail, he was dragged from his bed and on the floor by "Lt. Brandon" and "Co. Blake." He appears to be alleging that those two officers used excessive force.

Defendant Andras has now filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).[1] "Rule 12(b)(6) allows a defendant to move to dismiss a complaint for 'failure to state a claim upon which relief can be granted.'" Drs. Bethea, Mostoukas and Weaver LLC v. St. Paul Guardian Insurance Co., 376 F.3d 399, 403 (5th Cir. 2004) (quoting Fed.R.Civ.P. 12(b)(6)). A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are

---

[1] Rec. Doc. 12.

true (even if doubtful in fact)." <u>In re</u> Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Plaintiff was ordered to file a memorandum in opposition to Andras' motion to dismiss no later than December 5, 2012.[2] He has filed no such opposition. For the following reasons, it is evident that the unopposed motion should be granted.

Clearly, plaintiff has failed to state a proper claim against Andras in her individual capacity. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." <u>Oliver v. Scott</u>, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action." <u>Thompson v. Steele</u>, 709 F.2d 381, 382 (5th Cir. 1983). In the instant case, plaintiff has made no factual allegations whatsoever against Andras or contended that she violated his rights in any way.

---

[2] Rec. Doc. 14.

Plaintiff likewise has not stated a proper claim against Andras in her official capacity. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Andras would in reality be a claim against the local governmental body itself. Alexander v. City of Gretna, Civ. Action No. 06-5405, 2010 WL 3791714, at *3 (E.D. La. Sept. 17, 2010); Weatherspoon v. Normand, Civ. Action No. 10-060, 2010 WL 724171, at *2 (E.D. La. Feb. 22, 2010). However, the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that his rights

were violated as a result of a policy or custom, much less identify such a policy or custom. He therefore has failed to state proper official-capacity claim against Andras or any other defendant.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the unopposed motion to dismiss filed by Nurse Celeste Andras, Rec. Doc. 12, be **GRANTED** and that the claims against her be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this seventeenth day of December, 2012.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.